UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPRINT SOLUTIONS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THIRTY-ONE ECHO, INC., et al.,<br><br>Defendants. | Case No. 5:15-cv-02439-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

Defendants argue that Plaintiffs' complaint must be dismissed for lack of subject-matter jurisdiction because Defendants "expressly agreed to resolution of any 'dispute' through individual binding arbitration or small claims court." Dkt. No. 26. at 5–6.

In their opposition brief, Plaintiffs note that the arbitration agreement "contains an express exception for injunctive relief." Dkt. No. 34 at 4. However, Plaintiffs indicated that they "do[] not oppose staying the remaining issues and claims in this action and shifting them to arbitration." Id.

This Court issued an order requesting supplemental briefing on whether the Court should enter "an order compelling the parties to participate in the contractual dispute resolution process as to certain claims, and staying those claims during that process." Dkt. No. 65 at 1. Plaintiffs agreed with the Court's proposal. Dkt. No. 64 at 2. Defendants acknowledged that the arbitration

Case No.: 5:15-cv-02439-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS

1

provision applies to Plaintiffs' claims, but they appear to argue that the provision covers all of Plaintiffs' claims, including those that seek injunctive relief—and, as such, Defendants ask the Court to dismiss the case entirely for lack of subject-matter jurisdiction. Dkt. No. 66 at 2.

The Court finds that subject-matter jurisdiction exists because a federal question is presented on the face of the complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The Court also finds that the parties' briefing is ambiguous as to which of Plaintiffs' claims are within the scope of the parties' arbitration agreement. Accordingly, the Court orders as follows:

1. Defendants' motion to dismiss for lack of subject-matter jurisdiction (Dkt. No. 26) is DENIED. Defendants' motion to dismiss for failure to state a claim, Defendants' motion for more definite statement, and Defendants' motion to strike (Dkt. No. 26) are DENIED without prejudice.

2. A case management conference is set for **Thursday, November 9, 2017 at 10:00 a.m.** The parties shall file a joint case management statement by November 2, 2017.

3. Defendants' motion to stay discovery (Dkt. No. 47) is DENIED without prejudice.

4. Plaintiffs' motion for a case management conference (Dkt. No. 58) and Defendants' motion to strike that motion (Dkt. No. 61) are DENIED as moot.

**IT IS SO ORDERED.**

Dated: September 27, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-02439-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS
2