UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SPRINT SOLUTIONS, INC., et al.,<br>Plaintiffs,<br>v.<br>THIRTY-ONE ECHO, INC., et al.,<br>Defendants. | Case No. 5:15-cv-02439-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br>Re: Dkt. No. 123 |

Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P. allege in this action that John Russell Snyder and his former company, Thirty-One Echo, Inc., breached an agreement to sell Plaintiffs' wireless service and mobile phones. Plaintiffs also allege they violated the Lanham Act in the process.

Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1332. Presently before the court is a motion to dismiss filed the collection of Defendants currently named in the Amended Complaint ("FAC"). Dkt. No. 118. Plaintiffs oppose the motion. Dkt. No. 128. The court finds this matter suitable for decision without oral argument (Civ. L.R. 7-1(b)), and will grant it in part and deny it in part for the reasons explained below.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs "offer a comprehensive range of telecommunications services." FAC, at ¶ 21. Plaintiffs also sell "wireless handsets," or phones, under various name brands for use on Sprint's wireless network at prices significantly below the wholesale price . . . to make them more widely accessible to consumers." Id. at ¶ 20. Plaintiffs then recover the money it loses on subsidized

phones through revenue earned on the sale of wireless service. Id. at ¶ 24. Unsurprisingly, this model works only if the subsidized phones are used as intended on the Sprint network, and phone manufacturers install software on the devices to prevent them from being used on other networks. Id. at ¶ 25. The phones are sold through authorized Sprint dealers and retailers with whom Plaintiffs have contracts permitting the use of Sprint's name and trademarks in connection with approved advertising and sale of products. Id. at ¶ 22.

Plaintiffs had a Sub-Dealer Agreement with Thirty-One Echo, though which Thirty-One Echo was obligated to solicit customers to subscribe to Sprint's services and sell phones to those customers. Id. at ¶ 46-48. Plaintiffs allege however, that Thirty-One Echo was actually a "handset trafficker." Id. at ¶ 26. According to Plaintiffs, a "handset trafficker" attempts to exploit the subsidy system by obtaining below-cost phones and reselling them at higher prices, thereby realizing the gain from "the difference between the value and the subsidy price offered by Sprint." Id. at ¶ 26.

Plaintiffs believe that instead of complying with the agreement, Thirty-One Echo fraudulently acquired and resold new phones in bulk quantities with no intention of lawfully connecting the phones to Sprint's network. Id. at ¶¶ 31-33, 39. Plaintiffs allege Thirty-One Echo directly or indirectly acquired the phones and then resold them for a "substantial profit" for use by major retailers in their warranty programs. Id. at ¶ 40. They also allege Thirty-One Echo provided false information to Sprint to open accounts. Id. at ¶¶ 50-62. After discovering Thirty-One Echo's misconduct, Plaintiffs terminated the Sub-Dealer Agreement on August 5, 2011. Id. at ¶ 65. Despite the termination, Plaintiffs allege that Thirty-One Echo "continued to engage in the unauthorized acquisition and sale" of phones. Id. at ¶ 66.

Plaintiffs filed this action on June 2, 2015, originally against John Russell Snyder and Thirty-One Echo, Inc. After John Russell Synder passed away, Victoria Moore "in her roles as Trustee for the John Snyder Revocable Trust, and as the Administrator of the estate of John Snyder; the John Snyder Revocable Trust; and the estate of John Snyder" were substituted as

Case No.: 5:15-cv-02439-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

2

defendants under Federal Rule of Civil Procedure 25. Dkt. No. 77. The FAC and this motion followed.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

In addition, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

### B. Federal Rule of Civil Procedure 15(a)

Under Rule 15(a)(1), a party "may amend its pleading once as a matter of course" within 21 days after that pleading is served, or 21 days after service of a responsive pleading or motion

Case No.: 5:15-cv-02439-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

3

under Rule 12. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

### C. "Relation Back"

Under Federal Rule of Civil Procedure 15(c), "[a]n otherwise time-barred claim in an amended pleading is deemed timely if it relates back to the date of a timely original pleading." Asarco, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2013). "[A]n amendment asserting a new or changed claim relates back to the date of the original pleading if the amendment 'arose out of the conduct, transaction, or occurrence set out . . . in the original pleading.'" Id. (quoting Fed. R. Civ. P. 15(c)(1)(B)). "An amended claim arises out of the same conduct, transaction, or occurrence if it 'will likely be proved by the same kind of evidence offered in support of the original pleading.'" Id. (quoting Percy v. S.F. Gen. Hosp., 841 F.2d 975, 978 (9th Cir. 1988)). "The relation back doctrine of Rule 15(c) is 'liberally applied.'" Id. (citing Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240, 1259 n.29 (9th Cir. 1982)).

"[N]otice is an essential element in the relation back determination." Id. at 1006. "So long as a party is notified of litigation concerning a particular transaction or occurrence, that party has been given all the notice that Rule 15(c) requires." Id.

## III. DISCUSSION

### A. Victoria Moore

Though they combined them into one discussion, Defendants actually present two distinct arguments concerning Victoria Moore's capacity to be sued. First, Defendants contend that Plaintiffs' addition of Victoria Moore "as the Trustee of the Victoria Moore Revocable Trust" constitutes the addition of a new party in violation of Rule 15(a). Second, Plaintiffs argue that even if claims against Victoria Moore "as the trustee of the Victoria Moore Revocable Trust" are proper under Rule 15(a), they do not relate back to the original complaint and should be dismissed.

Case No.: 5:15-cv-02439-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

4

As to the first argument, Rule 15(a) precluded Plaintiffs from unilaterally adding Victoria Moore "as the Trustee of the Victoria Moore Revocable Trust" as a party to this action. The docket shows that Defendants filed a motion to dismiss the original complaint on October 30, 2015. Dkt. No. 26. Therefore, Plaintiffs' ability to amend as a matter of course expired 21 days later pursuant to Rule 15(a)(1)(B). Amending the complaint in January, 2018, to add Victoria Moore as the trustee for a separate trust not previously named in the pleadings, without either a stipulation or leave of court specifically permitting her addition in this capacity, was in contravention of Rule 15(a). This violation provides reason enough to dismiss Victoria Moore to the extent she is sued "as the Trustee of the Victoria Moore Revocable Trust."

But even if the Amended Complaint is construed as a request to amend under Rule 15(c), the claims against Victoria Moore "as the Trustee of the Victoria Moore Revocable Trust" are problematic because they do not relate back to the original complaint. Rejecting arguments similar to the ones Defendants make in their opposition, the Ninth Circuit affirmed a ruling denying leave to amend to "correct" the capacity in which an already-named defendant was sued. Eaglesmith v. Ward, 73 F.3d 857, 860 (9th Cir. 1996). Relying on a prior opinion, the Ninth Circuit held that even when the only proposed change is one to a party's capacity, "new service within the statute of limitations is necessary in order to satisfy the due process requirement of notice when there is to be a change in the status of defendants." Id. (citing Jackson v. Hayakawa, 682 F.2d 1344, 1348 (9th Cir. 1982).

Here, Plaintiffs have not shown that Victoria Moore "as the Trustee of the Victoria Moore Revocable Trust" was served within the statute of limitations for any claim. "The ordinary statute of limitations for breach of a written contract is four years." Vu v. Prudential Prop. & Cas. Ins. Co., 26 Cal. 4th 1142, 1148 (2001). UCL claims are also subject to a four-year statute. Cal. Bus. & Prof. Code § 17208. Under California law, claims accrue and the statutes of limitations begin to run at "'the time when the cause of action is complete with all of its elements.'" Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 806 (2005) (quoting Norgart v. Upjohn Co., 21 Cal. 4th 383,

Case No.: 5:15-cv-02439-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

5

397 (1999)). Even under a liberal reading of the complaint, these two claims must have accrued no later than the date Plaintiffs terminated the Sub-Dealer Agreement on August 5, 2011, since by then Plaintiffs were aware of Thirty-One Echo's "unlawful actions." FAC, at ¶ 65. Given that Plaintiffs offer no argument or other basis to apply equitable tolling, the limitations period expired for the breach of contract and UCL claims by August, 2015. Victoria Moore "as the Trustee of the Victoria Moore Revocable Trust" could not have been served with the FAC until 2018.

An examination of the trademark infringement and false designation claims leads to the same conclusion. The statute of limitations for these claims is four years, at most. See Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 836 (9th Cir. 2002) (observing that the Lanham Act contains no explicit statute of limitations and explaining that "[w]hen a federal statute lacks a specific statute of limitations, we generally presume that Congress intended to 'borrow' the limitations period from the most closely analogous action under state law"); see also Eliminator Custom Boats v. Am. Marine Holdings, Inc., No. ED CV 06-15-VBF(Ex), 2007 WL 4978243, at *3 (C.D. Cal. Nov. 5, 2007) (applying California's four-statute of limitations to trademark infringement and false designation); see also Derek & Constance Lee Corp. v. Kim Seng Co., 391 Fed. App'x 627, 628 n.1 (9th Cir. 2010) ("We have considered both the three-year limitations period for fraud as provided in California Civil Procedure Code § 338(d) . . . and the four-year limitations period for California trademark infringement as provided in California Business and Professions Code § 17208 . . . to be analogous limitations periods for Lanham Act claims.").

Plaintiffs' allegations for these two claims are focused solely on the conduct of Thirty-One Echo, which was terminated as a sub-dealer on August 5, 2011, and then ceased to exist as of 2012. FAC, at ¶¶ 10, 65. Accordingly, the operative conduct underlying the trademark infringement and false designation claims was not "ongoing" as of 2012 since Thirty-One Echo ceased to exist at some point during that year. With no identified basis for equitable tolling, and since Plaintiffs were aware of Thirty-One Echo's unlawful conduct no later than 2011, the statute of limitations for trademark infringement and false designation expired sometime in 2016. See

Case No.: 5:15-cv-02439-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

6

Gen. Bedding Corp. v. Echevarria, 947 F.2d 1395, 1398 (9th Cir. 1991) ("The plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud."). Service on Victoria Moore "as the Trustee of the Victoria Moore Revocable Trust" in 2018 is too late for the amendments to relate back for these claims as well.

The result for the unjust enrichment claim is no different. That claim is subject to a three-year statute of limitations since, as pled, it is based on misrepresentations. See FDIC v. Dintino, 167 Cal. App. 4th 333, 347-48 (2008); see also Cal. Civ. Proc. Code § 338(d). The latest date upon which Thirty-One Echo could have engaged in conduct subject to the claim is in 2012, prior to its dissolution. The statute of limitations for unjust enrichment therefore expired in 2015, but Victoria Moore was not served during that year.

Though it is true that Victoria Moore was substituted in place of John Snyder under Rule 25 "in her roles as Trustee for the John Snyder Revocable Trust, and as the Administrator of the estate of John Snyder; the John Snyder Revocable Trust; and the estate of John Snyder," her addition to the case in those distinct capacities is not the equivalent of notice for every capacity for which she might possibly be sued. And Plaintiffs' suspicion that assets were transferred from Snyder's estate to the Victoria Moore Revocable Trust is beside the point for a relation-back analysis focused on service within the limitations period.

In light of this discussion, Victoria Moore must be dismissed to the extent she is sued in her capacity "as the Trustee of the Victoria Moore Revocable Trust." The court need not address Defendants' alternative argument to dismiss Victoria Moore for failure to state a claim.

**B.  "Estate of John Snyder" and "John Snyder Revocable Trust"**

Plaintiffs argue the "Estate of John Snyder" and the "John Snyder Revocable Trust" must be dismissed to the extent they are named apart from a trustee or executrix because they cannot be sued. While framed as a jurisdictional issue in the motion, this is actually an issue of capacity. See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 935-36 (2d Cir. 1998).

The court therefore analyzes it as such. See United States v. 1982 Sanger 24' Spectra Boat, 738 F.2d 1043, 1046 (9th Cir. 1984) ("[T]he moving party's label for its motion is not controlling . . . . Rather, the court will construe it, however styled, to be the type proper for the relief requested.").

Looking first at the "Estate of John Synder," the capacity of a decedent's estate to litigate in federal court is designated by California law. Fed. R. Civ. P. 17(b)(3). In California, "[a]n 'estate' is not a legal entity and is neither a natural nor artificial person [and] . . . can neither sue nor be sued." Estate of Bright v. Western Airlines, Inc., 104 Cal. App. 2d 827, 828-29 (1951). This rule is unambiguous, and Plaintiffs have not identified an exception exists under California law for "questions of fact." Thus, the court easily finds the Estate of John Snyder lacks capacity to be sued independently from its executrix, and must be dismissed as a stand-alone defendant.

As to the "John Snyder Revocable Trust," the court observes that this entity is not named as an independent defendant in the FAC's caption, and Plaintiffs represent the trust "was operatively dismissed from the action upon the pleadings of the FAC." The court construes this statement as Plaintiffs' concession they are not pursuing the trust as an entity apart from its trustee. As so construed, Defendants' request to dismiss the John Snyder Revocable Trust for lack of capacity will be denied as moot.

### C. Statute of Limitations

Under Rule 12(b)(6), Defendants argue the trademark infringement, false designation and unjust enrichment claims are untimely and must be dismissed. The court disagrees.

#### i. Trademark Infringement and False Designation

A statute of limitations defense may be raised by a motion to dismiss "[i]f the running of the statute is apparent on the face of the complaint." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). As noted above, the Ninth Circuit has applied two California statutes of limitation to the claims under the Lanham Act. See Derek & Constance Lee Corp., 391 Fed. App'x at 628 n.1. In light of the allegations, this court finds the four-year statute of limitations provided by California Business and Professions Code § 17208 best fits the circumstances since it

Case No.: 5:15-cv-02439-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

8

also applies to the state's equivalent to the Lanham Act.

In the FAC, Plaintiffs allege in support of trademark infringement and false designation are that Thirty-One Echo was terminated as a sub-dealer on August 5, 2011, and then ceased to exist in 2012. FAC, at ¶¶ 10, 65. Using either date to commence the four-year limitations period renders this action timely against all defendants other than Victoria Moore "as trustee of the Victoria Moore Revocable Trust," since the Complaint was filed on June 2, 2015. This timeliness also precludes any laches presumption. See Jarrow Formulas, Inc., 304 F.3d at 837 (holding the presumption of laches arises only in cases where suit is brought outside the statute of limitations).

Since the face of the FAC shows that neither the statute of limitations nor laches is a bar, the motion to dismiss will be denied as to the trademark infringement and false designation claims.

### ii. Unjust Enrichment

"The elements of an unjust enrichment claim are the 'receipt of a benefit and [the] unjust retention of the benefit at the expense of another.'" Peterson v. Cellco P'ship, 164 Cal. App. 4th 1583, 1593 (2008) (quoting Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000)). The claim is subject to a three-year statute of limitations in the manner pled. See Dintino, 167 Cal. App. 4th at 347-48.

Much like the other claims, the allegations concerning unjust enrichment are focused on the conduct of Thirty-One Echo. Although Plaintiffs allege they terminated the Sub-Dealer Agreement with Thirty-One Echo on August 5, 2011, that termination does not foreclose the possibility that the company committed further acts damaging to Plaintiffs prior to its termination in 2012, for which Plaintiffs could seek the return of any ill-gotten benefit into 2015. Because the face of the FAC does not provide the date in 2012 on which Thirty-One Echo was dissolved, and since no other judicially-noticeable evidence was provided to prove that date, Defendants cannot satisfy their burden to show that the unjust enrichment claim is barred by the statute of limitations as a matter of pleading.

## IV. ORDER

Based on the foregoing, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART as follows:

1. The motion is granted as to all claims against Victoria Moore "as trustee of the Victoria Moore Revocable Trust," and Victoria Moore is terminated as a defendant to the extent she is sued in that capacity;

2. The motion is granted as to all claims against the "Estate of John Snyder" as an entity independent of its executrix, and the "Estate of John Snyder" is terminated as a defendant to the extent it is sued in that capacity;

3. The motion is denied as moot as to the John Snyder Revocable Trust; and

4. The motion is denied in all other aspects.

The hearing scheduled for March 29, 2018, is VACATED.

The court schedules this case for a Status Conference at **10:00 a.m. on May 17, 2018.** The parties shall file a Joint Status Conference Statement on or before **May 10, 2018,** which provides, inter alia, an update on the trial of a related case in the District of Maryland, and a proposal for when the parties should participate in mediation.

**IT IS SO ORDERED.**

Dated: March 27, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-02439-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS